UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL CURTIS TORREY,<br><br>Petitioner,<br><br>v.<br><br>WASHINGTON STATE,<br><br>Respondent. | CASE NO. C12-5167 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>SEPTEMBER 28, 2012 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

BASIS FOR CUSTODY

Petitioner seeks relief from the revocation of his Special Sex Offender Sentencing Alternative, (SSOSA). He does not contest his underlying guilty plea in Thurston County for rape of a child in the first degree.

FACTS

The Washington State Court of Appeals summarized the facts as follows:

> In 1999, Torrey pleaded guilty to rape of a child in the first degree. In 2000, the trial court imposed a special sex offender sentencing alternative

REPORT AND RECOMMENDATION - 1

(SSOSA) sentence on Torrey. The court sentenced Torrey to 123 months of confinement and then suspended that sentence on a number of conditions.

Among those conditions were:

> 15. Have no contact whatsoever with [B.N.] for life....
> 16. Have no contact with minors unless in the presence of a responsible adult who has been approved as a chaperone by the supervising community corrections officer and the treatment provider.
> . . . .
> 19. Remain within our [sic] outside any geographic boundaries specified by the treatment provider and/or community corrections officer. [footnote 1. Clerk's Papers (CP) at 33.]

In April 2007, Torrey's community corrections officer received information that Torrey had had contact with B.N., and with B.N.'s 12-year-old brother (Torrey's nephew), on numerous occasions. Torrey initially denied having any contact with B.N. He later said B.N. worked at the same place he was employed. After being shown photographs of he and B.N. together on an off-roading trip, Torrey said that he had gone to Idaho to meet his brother and that B.N. and Torrey's nephew were there. Torrey had not received permission to travel out of Washington from his community corrections officer.

A polygraph examination indicated that Torrey was deceptive in answering questions about the incident. Torrey's treatment provider terminated him from treatment and recommended that his suspended sentence be revoked.

The State petitioned for revocation of Torrey's suspended sentence, alleging the following violations:

> 1. Having contact with his victim, [B.N.] on or about March 31, 2007 in Pierce County, WA.
> 2. Having contact with his minor nephew, age 12, on or about March 31, 2007 in Pierce County, WA.
> 3. Leaving the State of Washington without permission on or about March 31, 2007. [footnote 2. CP at 46. The State also alleged that Torrey violated the conditions of his suspended sentence by being terminated from sex offender treatment. But the court did not find Torrey guilty of this violation because his sentence did not require Torrey to remain in sex offender treatment beyond the first three years of his sentence.]

After a hearing, the trial court found Torrey had committed all three violations. It revoked Torrey's suspended sentence and imposed the original sentence of 123 months confinement.

1  (ECF No. 9, Exhibit 3).

2                                    PROCEDURAL HISTORY

3      Petitioner filed an appeal from the order revoking his SSOSA (ECF No. 9, Exhibit 4).

4 The grounds for relief raised by petitioner in the initial appeal are not relevant to this federal

5 petition. The Commissioner for the Washington State Court of Appeals denied the appeal (ECF

6 No. 9, Exhibit 3). The Washington State Court of Appeals denied petitioner's motion to modify

7 the Commissioner's ruling (ECF No. 9, Exhibit 7).

8      Petitioner filed a motion for discretionary review with the Washington State Supreme

9 Court and he presented the following ground for review:

> 1. In *State v. McCormick*, [footnote 1. 141 Wn. App. 256, 169 P.3d 508 (2007).] Division One of the Court of Appeals held that RCW 9.94A.634 does not require the trial court to find that a defendant's violations of the conditions of his suspended sentence were willful before it could revoke his suspended sentence. The Court Commissioner in the present case cited *McCormick* in his Ruling Affirming Order Revoking Sentence. The Petitioner submits that *McCormick* is wrongly decided and that the principles of due process require the State present sufficient evidence to prove a willful violation of the allegations prior to revoking prior to revoking [sic] a 123-month suspended sentence entered pursuant to a Special Sex Offender Sentencing Alternative. In this case, the evidence showed the petitioner was involuntarily terminated from treatment after years of treatment because Torrey failed a polygraph, allegedly had contact with his minor nephew, with his victim, and left the State without permission. Should the State have to prove that the petitioner willfully failed to complete sexual deviancy treatment and should this Court grant review and hold that the trial court erred in entering an order revoking appellant's suspended sentence where the court's oral ruling contained no finding that appellant's conduct was willful, as required by due process? RAP 13.4(b)(3); RAP 13.4(b)(4).

(ECF No. 9, Exhibit 9). The Washington State Supreme Court denied review without comment (ECF No. 9, Exhibit 10).

Petitioner filed a personal restraint petition (ECF No. 9, Exhibit 14). Petitioner raised six assignments of error:

1     1. The court denied petitioner his due process right to confront witnesses as guaranteed by the Sixth Amendment.

2     2. Petitioner was denied his right to confront witnesses without a good cause finding in violation of his Sixth Amendment rights.

3. The trial court's decision based on unverified facts denied petitioner due process?

4. In the absence of substantial evidence in the record, the trial court erroneously found that petitioner had contact with B.L.N. in Pierce County.

5. In the absence of substantial evidence in the record, the trial court erroneously found that petitioner had contact with J.N. in Pierce County.

6. In the absence of substantial evidence in the record, the trial court erroneously found that petitioner left the State of Washington without permission.

(ECF No. 9, Exhibit 14, pages 1-2). The Washington State Court of Appeals dismissed the petition (ECF No. 9, Exhibit 17).

Petitioner filed a motion for discretionary review and argued:

1. Whether the court denied Mr. Torrey his due process right to confront adverse witnesses guaranteed by the Sixth Amendment to the United States Constitution.

2. Whether the court denied Mr. Torrey his due process right to confront adverse witnesses without a good cause finding for dispensing with his Sixth Amendment right to confrontation.

3. The United States Supreme Court held minimal due process requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2503, 33 L.Ed.2d 484 (1972) must be afforded to a probationer at a revocation hearing. A SSOSA in lieu of incarceration is the functional equivalent to probation. Dot [sic] the due process protections of *Morrissey* apply at hearings regarding violations of conditions of a SSOSA sentence?

4. Is the due process right to confrontation, at [sic] recognized in *Morrissey*, violated when the court permits hearsay evidence at a SSOSA revocation hearing without a showing or finding of the evidence's reliability or a showing or finding of hardship in producing live testimony?

5. In the absence of a finding of good cause to justify it, is the denial of the right to live testimony in lieu of hearsay evidence at a sentence modification hearing contrary to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L.Ed.2d

    177 (2004) and *Melendez-Diaz v. Massachusetts*, U.S. , 129 S. Ct. 2527, 174 L.Ed.2d 314 (2009).

    6. Where live testimony of the alleged acts is not presented and the State's factual assertions are contradicted by the defendant, is a revocation of a SSOSA based on verified facts, when the facts are in dispute?

(ECF No. 9, Exhibit 18, pages 1-2). The Washington State Supreme Court Commissioner issued the last reasoned opinion in this matter when he denied the motion (ECF No. 9, Exhibit 19). Petitioner filed a motion to modify the Commissioner's ruling and his motion was denied (ECF No. 20 and 21).

    Petitioner raises four grounds for relief in his federal habeas corpus petition:

    1.    Violation of Supporting Facts.

    During my hearing the prosecution's case was supported by photos taken during an encounter with a minor. The person identified in the photos was my fraternal twin brother, not myself. When I mentioned this fact to my attorney he stated I had "weak proof" of evidence.

    2.    Statement of Additional Grounds.

    In my statement of additional grounds for review, I presented the fact that the state had insufficient evidence or inadequate evidence to apply revocation of my suspended sentence, and insufficient evidence to support the evidence stating that I had violated a no contact order in Pierce County, Washington.

    3.    Unwillful [sic] violation of Due Process.

    In one of my statements of the case it states that I allegedly had contact with a minor, and in having contact allegedly breaking a no contact order. Further more [sic] in my motion to modify the commissionary [sic] ruling, it states that the record contains no evidence stating the said contact was willful and among the appeal it states the court's oral arguments do not bring sufficient proof to prove me guilty of violating the terms the court had stated.

    4.    Right of Confrontation.

    During my revocation hearing the court failed to find good cause not to call witnesses in this violation, could not provide reasoning to not have live testimony and to deny me my right to confrontation.

1  (ECF No. 1, pages 5 to 10).

2  In his original petition, petitioner named only the State of Washington (ECF No. 1).
3  Respondent noted this jurisdictional error in its answer and gave petitioner a chance to amend
4  (ECF No. 8, page 8). Petitioner amended the caption to name Scott Russell as the respondent
5  (ECF No. 11).

6  EVIDENTIARY HEARING

7  Evidentiary hearings are not usually necessary in habeas cases. According to 28 U.S.C.
8  §2254 (e) (2), a hearing will occur only if a habeas applicant has failed to develop the factual
9  basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new
10 rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court
11 that was previously unavailable, or if there is (2) a factual predicate that could not have been
12 previously discovered through the exercise of due diligence; and (B) the facts underlying the
13 claim would be sufficient to establish by clear and convincing evidence that but for constitutional
14 error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
15 28 U.S.C. §2254 (e) (2).

16 Petitioner relies on established constitutional law, the factual predicates were available at
17 his hearing, and the facts do not establish that no reasonable fact finder would have found the
18 applicant guilty. Accordingly, the Court concludes that an evidentiary hearing is not necessary to
19 decide this case.

20 STANDARD OF REVIEW

21 Federal courts may intervene in the state judicial process only to correct wrongs of a
22 constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254 explicitly
23 states that a federal court may entertain an application for writ of habeas corpus "only on the
24

ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254 (a) (1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

      A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254 (d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254 (e) (1).

      Respondent contends that two of petitioner's grounds for relief, grounds 1 and 2, are procedurally defaulted. A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. 28 U.S.C. § 2254 (b)(1). Petitioner's claims must have been fairly presented to the state's highest court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a

somewhat similar state law claim was made. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)).

A petitioner who has defaulted on his ground for relief and cannot return to state court has exhausted the ground for relief because no state remedies remain available, but the ground for relief is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A state petitioner seeking federal habeas review of his or her conviction or sentence on a procedurally defaulted constitutional claim must establish either: (1) cause for the default and actual prejudice resulting from the alleged constitutional error; or (2) that a fundamental miscarriage of justice will result if the claim is not reviewed. If petitioner claims that there has been a fundamental miscarriage of justice, then petitioner must prove his or her "actual innocence."

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## DISCUSSION

A.  Procedural bar.

In his first ground for relief, petitioner argues in that the person in the photographs is his twin brother, not him. Petitioner also argues that the evidence was insufficient. This claim was not presented to the Washington State Supreme Court on direct review. (*See* ECF No. 9, Exhibit 9.) Nor did petitioner present this ground for relief as a federal claim in his motion for discretionary review on collateral review (ECF No. 9, Exhibit 18, page 1 and 2). He failed to exhaust his remedies in state court and now his claim is time-lapsed.  Therefore, this

1  ground for relief is procedurally barred.  The Court also notes that petitioner's argument does
2  not give rise to a federal claim.  This Court's review is limited to alleged violations of clearly
3  established federal law.  Petitioner does not cite to any federal law or constitutional provision
4  that would entitle him to relief.

5  Petitioner argues in his second ground for relief that the evidence of a violation was
6  insufficient. Again this ground for relief was not presented at the Washington Supreme Court
7  level on either direct or collateral review nor was it raised as a federal claim (ECF No. 9,
8  Exhibits 9 and 18). For the same reasons given above, this ground for relief is also
9  procedurally barred.

10  Petitioner in this case cannot show cause and actual prejudice that excuses the
11  procedural default.  Nothing prevented petitioner from raising his grounds for relief as
12  federal claims. He simply failed to do so.

13  Nor does this procedural bar result in a fundamental miscarriage of justice.  Although
14  petitioner contends that he was actually innocent of the probation violation, this would only
15  serve as a gateway to bring a federal claim.  Since he does not raise federal claims in this
16  petition, his claim of actual innocence should have been raised as part of his direct appeal,
17  and not here.  *See generally*, *Jones v. Murphy,* 2009 WL 2922839.

18  The Court recommends dismissal of the first two grounds for relief without
19  addressing the merits as these two grounds for relief are procedurally barred.

20  B. Remaining grounds for relief.

21  Petitioner argues that there had to be proof that his violations were willfully
22  committed and that he had a right to confront witnesses. Petitioner cannot obtain relief
23  through habeas corpus on either of the remaining grounds for relief because the decisions of
24

1 the Washington State Courts do not violate clearly established federal law as determined by

2 the Supreme Court of the United States. *See* 28 U.S.C. § 2254 (d).

3 Petitioner argues that he is entitled to the same rights to confrontation as a parolee
4 and that he is entitled to have a determination that his violations were willful. The
5 Washington State Court of Appeals and the Washington State Supreme Court disagree and
6 note that under state law a SSOSA is not the equivalent of parole (ECF No. 9, Exhibit 17,
7 page 2; Exhibit 19, pages 1-2). State law has set the burden of proof and the level of due
8 process needed for sentence modifications much lower (ECF No. 9, Exhibit 17, page 2;
9 Exhibit 19, pages 1-2). The Court finds no authority or case law showing that the United
10 States Supreme Court has ever addressed this issue. Thus, the rulings of the state courts
11 cannot be said to violate clearly established federal law.

12 Further, on the merits, the evidence before the trial court included petitioner's
13 Community Corrections Officer Tela Wilson testifying that when she confronted petitioner
14 with pictures of him in Idaho with his victim and another minor child, the petitioner admitted
15 being out of state without permission and having contact with both his victim and a minor
16 child (ECF No. 8, Exhibit 25, page 26). Petitioner had the ability to confront and question
17 Ms. Wilson about her testimony. His admissions to her and her testimony amount to
18 substantial evidence of the violations.

19 Given the testimony that petitioner admitted he went to Idaho without the permission
20 of his Community Corrections Officer, petitioner's argument that he unknowingly committed
21 these violations is without merit.

22 The decision of the Washington State Supreme Court affirming revocation of
23 petitioner's SSOSA did not violate clearly established federal law and the court recommends
24

the denial of the remaining grounds for relief.

Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c) (2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on September 28, 2012, as noted in the caption.

Dated this 4th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge